UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA       :   **SEALED INDICTMENT**

       - v. -                  :   19 Cr.

OMAR MOGOLLON,                 :
LUIS FELIPE GONZALEZ ARCILA,       **19 CRIM 837**
   a/k/a "Pipe,"
IVAN ROJAS ACOSTA,
   a/k/a "Mono,"               :

            Defendants.    :

- - - - - - - - - - - - - - - - - - - - X

## COUNT ONE

(Conspiracy to Operate an Unlicensed Money Transmission Business)

The Grand Jury charges:

### The Defendants' International Money Broker Business

1.  From at least in or about June 2018 through in or about 2019, OMAR MOGOLLON, LUIS FELIPE GONZALEZ ARCILA, a/k/a "Pipe," and IVAN ROJAS ACOSTA, a/k/a "Mono," the defendants, participated in a scheme to launder funds from locations throughout the United States to recipients in, among other places, Colombia. Among other things, the purpose of the scheme was to enable clients with cash located in the United States to transfer the value of that cash to other countries, principally in Colombia, without the need for physically transporting United States currency across an international border or directly depositing large amounts of cash into the legitimate financial

system.

2.  To effectuate the scheme, "clients," *i.e.*, the owners of funds located in the United States, utilized the services of money brokers operating primarily in Colombia (the "Money Brokers"). The Money Brokers offered "contracts" typically requiring (a) the pick-up of United States currency from couriers throughout the United States and the receipt of international wires in the United States, and (b) the delivery of a corresponding amount of pesos in Colombia to the Money Brokers. In exchange for successfully delivering on a contract, the Money Brokers earned a commission, taken from the pesos received by him or her in Colombia. The person(s) with whom the Money Brokers contracted to arrange for the pick-up and receipt of United States currency also received a commission taken from the pesos received by the Money Brokers in Colombia. Although the payment of commissions from the funds collected pursuant to a contract meant that the clients did not receive the full value of the funds the clients owned in the United States, this scheme enabled the clients to avoid the risks of having large quantities of cash detected at international borders and to avoid triggering financial reporting requirements.

3.  OMAR MOGOLLON, LUIS FELIPE GONZALEZ ARCILA, a/k/a

Pipe," and IVAN ROJAS ACOSTA, a/k/a "Mono," the defendants, engaged in the scheme as Money Brokers. As Money Brokers, working at times independently and at times together, they offered and executed upon multiple contracts requiring the pick-up of funds throughout the United States, and the delivery of a corresponding value of pesos to him in Colombia. In exchange for their work as Money Brokers, they received a commission taken from the pesos delivered to them in Colombia, as did the individuals with whom they contracted.

4. Typically, as part of the scheme, the funds collected in the United States pursuant to contracts offered by OMAR MOGOLLON, LUIS FELIPE GONZALEZ ARCILA, a/k/a Pipe," and IVAN ROJAS ACOSTA, a/k/a "Mono," the defendants, were deposited in a bank account located in the United States, and then transferred to a separate bank account associated with a consumer electronics products business based in East Hanover, New Jersey (the "Consumer Electronics Business"). The bank account of the Consumer Electronics Business was also located in the United States (the "Consumer Electronics Business Bank Account"). Upon receiving confirmation that funds collected pursuant to a Money Broker contracts issued by MOGOLLON, GONZALEZ ARCILA, and ROJAS ACOSTA, were available for deposit into the Consumer Electronics

Business Bank Account, the owner of the Consumer Electronics Business arranged for the export of a roughly equivalent value of consumer electronics products to certain consumer electronic product suppliers located in Colombia (the "Colombian Electronics Suppliers"). The Colombian Electronics Suppliers, in turn, arranged to pay for the products by delivering pesos to an individual in Colombia, who then delivered them to MOGOLLON. In this way, funds collected in the United States were able to be remitted in Colombia, without requiring that they be reported, declared, or smuggled over international borders.

## Statutory Allegations

5. From at least in or about June 2018, through in or about 2019, in the Southern District of New York and elsewhere, OMAR MOGOLLON, LUIS FELIPE GONZALEZ ARCILA, a/k/a Pipe," and IVAN ROJAS ACOSTA, a/k/a "Mono," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.

6. It was a part and object of the conspiracy that OMAR MOGOLLON, LUIS FELIPE GONZALEZ ARCILA, a/k/a Pipe," and

IVAN ROJAS ACOSTA, a/k/a "Mono," the defendants, and others known and unknown, would and did knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, which business was operated without an appropriate money transmitting license in a State, to wit, New York, where such operation is punishable as a misdemeanor and felony under State law, and without meeting the Federal registration requirements set forth for money transmitting businesses, in violation of Title 18, United States Code, Section 1960.

Overt Acts

7. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed and caused to be committed in the Southern District of New York and elsewhere:

a. On or about February 14, 2019, OMAR MOGOLLON and IVAN ROJAS ACOSTA, a/k/a "Mono," the defendants, caused the transmission of funds via a wire originating in Mexico and passing through a correspondent bank account in New York, New York.

b. On or about September 8, 2018, at the direction of LUIS FELIPE GONZALEZ ARCILA, a/k/a Pipe," the defendant, and MOGOLLON directed an individual to deposit funds

5

into GONZALEZ ARCILA's Colombian bank account, such funds having been received as a result of a contract issued by MOGOLLON and GONZALEZ ARCILA for the pick-up and transmission of funds in California.

    c. On or about July 11, 2018, MOGOLLON and GONZALEZ ARCILA caused the pick-up and transmission of United States currency in the Bronx, New York, for further transmission to clients located outside of the United States.

    (Title 18, United States Code, Section 371.)

## COUNT TWO

(Operation of an Unlicensed Money Transmission Business)

    The Grand Jury further charges:

    8. The allegations contained in paragraphs 1 through 4 of this Indictment are hereby repeated, realleged and incorporated by reference, as fully set forth herein.

    9. From at least in or about June 2018, through in or about 2019, in the Southern District of New York and elsewhere, OMAR MOGOLLON, LUIS FELIPE GONZALEZ ARCILA, a/k/a Pipe," and IVAN ROJAS ACOSTA, a/k/a "Mono," the defendants, did knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, MOGOLLON,

GONZALEZ ARCILA, and ROJAS ACOSTA transmitted money into, through and out of the United States, including from and through the Southern District of New York, without an appropriate state license, which conduct was punishable as a misdemeanor and felony under New York law, and without meeting the Federal registration requirements set forth for money transmitting businesses.

(Title 18, United States Code, Sections 1960 and 2.)

### COUNT THREE

(International Money Laundering)

The Grand Jury further charges:

10. The allegations contained in paragraphs 1 through 4, and 7.a. of this Indictment are hereby repeated, realleged and incorporated by reference, as fully set forth herein.

11. From in or about October 2018, through in or about 2019, in the Southern District of New York and elsewhere, OMAR MOGOLLON, the defendant, with the intent to promote the carrying on of specified unlawful activity, to wit, the operation of an unlicensed money transmitting business in violation of Title 18, United States Code, Section 1960, transported, transmitted and transferred, and attempted to transport, transmit, and transfer, monetary instruments and

funds from places outside the United States through and to places in the United States.

(Title 18, United States Code, Sections 1956(a)(2)(A) and 2.)

### FORFEITURE ALLEGATIONS

12. As a result of committing the offenses alleged in Counts One and Two of this Indictment, OMAR MOGOLLON, LUIS FELIPE GONZALEZ ARCILA, a/k/a Pipe," and IVAN ROJAS ACOSTA, a/k/a "Mono," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

13. As a result of committing the offense alleged in Count Three of this Indictment, OMAR MOGOLLON, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

## Substitute Assets Provision

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

>(Title 18, United States Code, Section 982;
>Title 21, United States Code, Section 853; and
>Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN AJW
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

- v. -

**OMAR MOGOLLON,
LUIS FELIPE GONZALEA ARCILA, a/k/a
"Pipe," and
IVAN ROJAS ACOSTA, a/k/a "Mono,"**

Defendants.

---

**INDICTMENT**

19 Cr.

(18 U.S.C. §§ 371, 1956(a)(1)(A)(i),
1960, & 2)

GEOFFREY S. BERMAN
United States Attorney.

**A TRUE BILL**

*[signature]*                                Foreperson.

---

*Sealed Indictment Filed.
3 arrest warrants.
Hon. Sarah Netburn, USMJ
[signature] 11/19/19.*