**Andrew G. Patel**
Attorney-at-Law
15 Chester Avenue
White Plains, New York 10601
apatel@apatellaw.com                                                                 **Telephone 212-349-0230**

**ECF**

August 15, 2022

The Honorable J. Paul Oetken
United States District Judge
United States Courthouse
40 Centre Street
New York, NY 10007

                Re:    <u>U.S. v. Omar Mogollon</u>
                        19 Cr. 837 (JPO)

Dear Judge Oetken:

      This letter is respectfully submitted to provide Your Honor with information relevant to the sentencing of Omar Mogollon.

<u>Personal Background</u>

      The presentence report was waived to expedite this sentencing.   I have interviewed both Mr. Mogollon and his common law wife, Dr. Eliana Vanessa Buitrago Gomez, so that Your Honor will have information about his personal history when determining an appropriate sentence.

      A few days after Your Honor imposes sentence on him, Omar Mogollon will turn 46 years old.   He was born on September 26, 1966, in the town of Honda, Columbia.   Honda is approximately 160 kilometers (4 hours) northwest of Bogotá. Omar's father, Eubladio Mogollon, was an Administrative Assistant handling City business in Honda.   His mother, Ruth Brinez, was a stay-at-home mom.   Omar's parents were not married.   Their relationship ended when Omar was 3 months old.

      Omar was raised by his mother and grandmother on a small cotton farm. Omar describes the family as being poor but they always had food and money for education. There were no luxuries but they had the basics.   Omar graduated from a technical college. He was working as an industrial engineer on municipal construction projects.

      For over 14 years Omar has been involved in a common law relationship with Dr.

**Honorable J. Paul Oetken**
**United States District Judge**
U.S. v. Omar Mogollon
19 Cr. 837 (JPO)
September 15, 2022
Page 2


Eliana Vanessa Buitrago Gomez. She is an Orthodontist. They have a 3½ year old son who has minor kidney issues. Omar's wife is 5 months pregnant with their second child, due in part to Columbia's less restrictive prison visiting regulations.

Consent to Removal

      Mr. Mogollan has agreed to the entry of a Judicial Order of Removal. He realized and acknowledged that this conviction makes his deportation a certainty. Mr. Mogollon is looking forward to rejoining his family and rebuilding his life in Colombia. The effect of this Order is that, on the completion of his sentence, Mr. Mogollon will be promptly sent to Colombia. He knows that he will not be allowed to return to the United States without permission from the Department of Homeland Security.

      The Government also receives a benefit from the entry of an Order of Removal. The current backlog for processing removals of individuals who have no real claim to remain in the United States is massive. If Mr. Mogollon had not consented to this Order of Removal, the Government would have been required to house him in some facility at great expense for the better part of a year while the paperwork to remove him wound its way through the deportation process. In recognition of this benefit to the Government, under the "Fast Track" system for handling individuals charged with illegal re-entry to the United States, the Government consents to a 4 level reduction in the advisory Guideline range pursuant to U.S.S.G. §5K3.1.

      There are 2 facts that I believe are uncontested. First, Mr. Mogollon does not qualify for the Fast Track Program. Second, the Government has received the exact benefit it receives from those individuals who do qualify for the Fast Track Program. It is respectfully submitted that your Honor has the authority to grant a downward variance from the advisory Guideline sentencing range to account for the benefit that the Government received when Mr. Mogollon consented to the Judicial Order of Removal. If Your Honor were to grant a variance on this basis, Mr. Mogollon's offence level would be reduced to level 15 with a resulting advisory sentencing range of 18-24 months.

      This discussion of this variance is included due to the fact that Your Honor is not bound by the stipulations of the parties and in what may be an excess of caution. The Government has acknowledged that Mr. Mogollon has already served a sentence within the Guideline range discussed in the plea agreement.

**Honorable J. Paul Oetken**
**United States District Judge**
U.S. v. Omar Mogollon
19 Cr. 837 (JPO)
September 15, 2022
Page 3

Proposed Order

     Attached to this submission is a proposed Order dismissing the open Counts of the indictment.   The dismissal of open Counts is usually noted on the docket sheet.   I have been advised that a formal Order could be of great assistance to Mr. Mogollon when he returns to Columbia.

Conclusion

     Omar Mogollon has accepted responsibility for his conduct.   He asks the Court to accept his apologies and to recognize his remorse for what he did.   Omar simply wants to go home, to witness the birth of his child and to rebuild his life.   We respectfully request that Your Honor impose a sentence of time served.

                        Respectfully submitted,

                         /s/Andrew Patel
                        Andrew G. Patel

cc:   All counsel by ECF