UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

    - against -

OMAR MOGOLLON,
a/k/a "Eubladio Mogollon Briñez,"
a/k/a "Omar Euladio Mogollon Briñez,"

              Defendant.

------------------------------X

ORDER OF JUDICIAL REMOVAL

19 Cr. 837 (JPO)

Upon the application of the United States of America, by Cecilia Vogel, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of OMAR MOGOLLON, a/k/a "Eubladio Mogollon Briñez," a/k/a "Omar Euladio Mogollon Briñez," and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1.     The defendant is not a citizen or national of the United States.

2.     The defendant is a native and a citizen of Colombia.

3.     On July 15, 2022, the defendant was extradited from Colombia and paroled into the United States at Newark International Airport, Newark, New Jersey on or about July 15, 2022.

4.     At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, under Count Three of the indictment, which charges the defendant with international money laundering, in violation of Title 18 United States Code Section 1956(a)(2)(A). Further, in the defendant's plea agreement,

he admitted to the forfeiture allegation with respect to Count Three of the indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money equal to $649,982 in United States currency, representing property involved in the offense charged in Count Three (the "Money Judgment").

5.  The maximum sentence for this violation is twenty years' imprisonment.

6.  The defendant is, and at sentencing will be, subject to removal from the United States pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; and Section 212(a)(2)(I)(i), as amended, 8 U.S.C. § 1182(a)(2)(I)(i), as an alien who a consular officer or the Attorney General knows, or has reason to believe, has engaged, is engaging, or seeks to enter the United States to engage, in an offense which is described in Section 1956 or 1957 of Title 18, United States Code (relating to laundering of monetary instruments).

7.  The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

8.  The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

9.  The defendant has designated Colombia as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Colombia.

Dated:   New York, New York
        September 30, 2022

                                                         J. PAUL OETKEN
                                                       United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

OMAR MOGOLLON,
a/k/a "Eubladio Mogollon Briñez,"
a/k/a "Omar Euladio Mogollon Briñez,"

         Defendant.

------------------------------X

DEFENDANT'S PLEA STATEMENT IN SUPPORT OF JUDICIAL REMOVAL

19 Cr. 837 (JPO)

OMAR MOGOLLON, a/k/a "Eubladio Mogollon Briñez," a/k/a "Omar Euladio Mogollon Briñez," defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is Eubladio Mogollon Briñez.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated August 15, 2022. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 192, as amended ("INA"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated August 15, 2022. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4.  My rights in a judicial removal proceeding have been fully explained to me by my attorney, Andrew Patel, Esq. After consultation with counsel and understanding the legal consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding, and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5.  I hereby admit that all the factual allegations set forth in the Allegations are true and correct as written.

6.  I hereby concede that I am removable from the United States pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; and Section 212(a)(2)(I)(i), as amended, 8 U.S.C. § 1182(a)(2)(I)(i), as an alien who a consular officer or the Attorney General knows, or has reason to believe, has engaged, is engaging, or seeks to enter the United States to engage, in an offense which is described in Section 1956 or 1957 of Title 18, United States Code (relating to laundering of monetary instruments).

7.  I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of

the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in, and have no present fear of persecution in Colombia, the country of my nativity and citizenship. I further acknowledge that I have not been tortured in, and have no present fear of torture in Colombia, the country of my nativity and citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit thorough the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to Colombia, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

9/30/2,22
Date

_____
Defendant's Signature

9/30/2022
Date

_____
Attorney for the Defendant